

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 28, 1967

Honorable Ogden Bass
Criminal District Attorney
Brazoria County
Angleton, Texas

Opinion No. M-137

Re: Construction of Section 17
of House Bill 266, Acts of
the 60th Legislature, R.S.,
1967, Chapter 565, amend-
ing Section 3 of Article
2338-19, in reference to
the enlargement of the
jurisdiction of the Domestic
Relations Court of Brazoria
County.

Dear Mr. Bass:

In your request for an opinion from this office you
state the following:

"The Brazoria County Court of Domestic Re-
lations was established by Chapter 307, Acts of
the 59th Legislature, Regular Session, 1965,
codified as Article 2338-19, Revised Civil Stat-
utes of Texas (1925). Section 17 of House Bill
266 purports to amend Article 2338-19, supra,
by adding certain language to Section 3 thereof.
Section 3 sets forth the jurisdiction of the
Domestic Relations Court which is concurrent
with the District and County Courts of Brazoria
County, Texas, in certain classes of cases.
Identical language is contained in other sections
of the bill purporting to effect changes in the
jurisdiction of other specified courts of do-
mestic relations.

"Our county is engaged in an extensive
right-of-way acquisition program. My office
represents the county in the necessary condem-
nation suits, many of which are tried by the
judge of our domestic relations court pursuant
to Sections 7 and 8 of Article 2338-19, supra.

- 635 -

It appears that some of the titles to right-
of-way purchased by the county for county
roads will have to be cleared by tresspass to
try title actions.  It would be advantageous
to us to have the resident domestic relations
court judge try these cases rather than having
to try these actions in the district courts
which we share with three other counties.  Our
domestic relations court judge is concerned
about his jurisdiction to try such cases and
would appreciate having your opinion in this
matter prior to entertaining or refusing to
entertain jurisdiction.

"Therefore, in your opinion, has the juris-
diction of the Domestic Relations Court of
Brazoria County been enlarged by House Bill 266
to include general jurisdiction of suits for
trial of title to land, for the enforcement of
liens thereon, for trial of the right of prop-
erty and the issuance of writs of mandamus,
habeas corpus and injunction in cases other than
those between spouses, or between parents, or
between them, or one of them, and their minor
children, or between any of these and third
persons, corporations, trustees or other legal
entities?"

Section 17 of said House Bill 266 amends Section 3 of
said Article 2338-19, in part, concerning the jurisdiction of said
court as follows:

"Section 3.  The Court of Domestic Relations
for Brazoria County shall have the jurisdiction
concurrent with the District Courts in Brazoria
County . . . of all suits for trial of title to
land and for the enforcement of liens thereon,
of all suits for trial of the right of property,
and said Court and the Judges thereof shall have
power to issue writs of habeas corpus, mandamus,
injunction, and all writs necessary to enforce
their jurisdiction."

The Legislature has the authority to create new courts
and may legally authorize a domestic relations court to exercise
some of the general jurisdiction of a District Court.  Jordan v.

Crudgington, 149 Tex. 237, 231 S.W.2d 641 (1950).

It is clear that the Legislature by enacting Section 17 of House Bill 266 intended to and did enlarge the jurisdiction of the Brazoria County Court of Domestic Relations, so as to include the general jurisdiction of suits for trial of title to land, for the enforcement of liens thereon, of all suits for trial of the right of property, and said court and the judges thereof were granted power to issue writs of habeas corpus, mandamus, injunction, and all writs necessary to enforce their jurisdiction.

## S U M M A R Y

Section 17 of House Bill 266, Acts of the 60th Legislature, Regular Session, 1967, Chapter 565, amended Section 3 of Article 2338-19, Vernon's Civil Statutes, so as to confer jurisdiction upon the Domestic Relations Court of Brazoria County to try suits for trial of title to land, for the enforcement of liens thereon, for trial of the right of property, and said court and the judges thereof were granted the power to issue writs of habeas corpus, mandamus, injunction, and all writs necessary to enforce their jurisdiction.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. V. Geppert, Co-Chairman
Paul Martin
Bill Allen
Ben Harrison

A. J. CARUBBI, JR.
Staff Legal Assistant